UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHRISTOPHER A. MIHALIC, SR.,     Plaintiff,

v.     Civil Action No. 3:22-cv-P101-DJH

CPT. MCDOWELL *et al.*,     Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher A. Mihalic, Sr., filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The amended complaint (Docket No. 12)[1] is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff, a pretrial detainee at the Hardin County Detention Center (HCDC), sues the following HCDC personnel: Jail Commander Josh Lumbar, Cpt. McDowell, Cpt. Hayden, Cpt. Napp, and Nurse Miranda. He sues each Defendant in his or her individual and official capacities.

Plaintiff states that, since his arrival at HCDC on November 18, 2021, he has "made Lead Nurse Miranda aware of my medical needs." He asserts, "I have put in numerous grievances about my urinary stricture which has went un treated for over 5 months." He continues, "They took 4½ months to obtain my medical records and still haven't seen an urologist. Their negligence is causing severe damage to my kidneys, bladder, and liver as well as servere pain."

---

[1] By prior Order (DN 10), the Court ordered Plaintiff to file his complaint on the Court's approved § 1983 form. The Court directed Plaintiff to include in the amended complaint all claims and Defendants he wishes to assert/sue in this action as the amended complaint would supersede the original complaint.

Plaintiff further states, "She also has refused to set up treatment for my bone spurs and pinched nerve that needs to be dealt with. She refuses to deal with any medical needs saying they don't do anything about that here."

Plaintiff also asserts that "they don't provide adequate utensils for indigent pro se people (ie) paper, pens, copies, envelopes and their law library system constantly goes down and is on kiosk that other inmates also need." He states that Defendant Hayden, McDowell, and Napp "all have knowledge of that issue." He continues, "Plus, we were housed for over 2 weeks with 45 other inmates with 1 toilet and no shower. Then moved to a pod with 1 toilet 1 shower for 43 people. This is against B.O.P. policy."

Plaintiff next asserts that Defendant Lumbar "is responsible for the people who work for him. I have put in over 20 requests, grievances on these situation and most of them went unanswered." He also maintains that he has requested to meet with Defendant Lumbar several times. He states, "As a pretrial detainee I have 8th Am right to adequate health care which all of the above are clearly violating."

Finally, Plaintiff states, "On Feb 15 I chipped a tooth exposing a nerve was told I would see the dentist. As of 3/8 I haven't seen a dentist 21 days with a exposed nerve."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  ANALYSIS

#### A. Deliberate indifference to medical needs

The Court construes Plaintiff's claims for denial of medical treatment as claims for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment and for negligence. Upon review, <u>the Court will allow Plaintiff's deliberate-indifference and negligence claims to proceed against Defendant Miranda in her individual and official capacities</u>.[2]

---

[2] Plaintiff's official-capacity claim against Defendant Miranda is actually brought against her employer. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff identifies Defendant Miranda as an employee at HCDC. However, she

Plaintiff also claims that he "chipped a tooth exposing a nerve" but that he had not seen a dentist and had spent "21 days with a exposed nerve." The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Plaintiff does not specify which Defendant, if any, allegedly denied his request for dental treatment. *See, e.g.*, *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9. 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights) (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for or failure to state a claim against defendants in their individual capacities where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights)). Therefore, Plaintiff's claims based on the denial of dental treatment will be dismissed for failure to state a claim upon which relief may be granted.

### B. Denial of access to courts

The Court construes Plaintiff's allegations that he was denied pens, paper, copies, and envelopes and denied access to the law library as claims for denial of access to the courts against Defendants Hayden, McDowell, and Napp. To state a claim for denial of access to courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, there must be an

---

may be an employee of a private entity which contracts with HCDC to provide medical services. When Defendant Miranda's employer is known, her employer will be added as a Defendant to this action.

actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). Plaintiff alleges no actual any injury due to the alleged lack of access to legal materials or the law library. Therefore, Plaintiff's denial-of-access-to-courts claims against Defendants Hayden, McDowell, and Napp must be dismissed for failure to state a claim upon which relief may be granted.

### C. Conditions of confinement

Plaintiff alleges that he was housed "for over 2 weeks with 45 other inmates with 1 toilet and no shower[]" and then "moved to a pod with 1 toilet 1 shower for 43 people." The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees. *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021). The standard under the Fourteenth Amendment has two prongs. To satisfy the first prong, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the second prong, a plaintiff must show that Defendants acted "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cty.*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836). Plaintiff has not alleged actual harm, or a substantial risk of serious harm, as a result of the conditions he alleges. His allegations are conclusory and too vague and lacking in factual support to state a constitutional claim. *See Iqbal*, 556 U.S. at 678. Moreover, a failure to follow Bureau of Prisons policy does not give rise to a constitutional

violation. *Bonner v. Fed. Bureau of Prisons*, 196 F. App'x 447, 448 (8th Cir. 2006); *Reyes v. Holland*, No. 0:11-CV-00090-HRW, 2012 U.S. Dist. LEXIS 24735, at *9 (E.D. Ky. Feb. 27, 2012). Therefore, Plaintiff's claim based on his conditions of confinement must be dismissed for failure to state a claim upon which relief may granted. The Court will dismiss these claims without prejudice.

### D. Defendant Lumbar

With regard to Defendant Lumbar, Plaintiff alleges that he "is responsible for the people who work for him[]" and that his "requests" and grievances have gone unanswered. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). There is no *respondeat superior* liability where the plaintiff alleges only that the defendant merely failed to act or control employees. *Shorts v. Bartholomew*, 255 F. App'x 46, 53 (6th Cir. 2007); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998). Plaintiff alleges no personal involvement in the alleged events on the part of Defendant Lumbar, only his failure to act, which is not sufficient to state a constitutional claim against him.

Moreover, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on the officer's handling of the plaintiff's grievances. "The 'denial of

administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."). Plaintiff's allegations against Defendant Lumbar based on the handling of his grievances, therefore, fail to state a constitutional violation.

Accordingly, Plaintiff's claims against Defendant Lumbar must be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Plaintiff's claims based on denial of dental treatment, denial of access to the courts, and the conditions of his confinement and his claims against Defendant Lumbar are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff's claims regarding the conditions of his confinement are **DISMISSED without prejudice**.

The **Clerk of Court shall terminate** Defendants Lumbar, McDowell, Hayden, and Napp as parties to the action as no claims remain against them.

The Court has allowed Plaintiff's claims for deliberate indifference to serious medical needs and negligence to proceed against Defendant Nurse Miranda in her individual and official

capacities. In doing so, the Court passes no judgment on their outcome or ultimate merit. The Court will enter a separate Order governing the development of these claims.

Date: March 30, 2022

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Hardin County Attorney
4415.010

8